[3, 726.]

## PIO PICO *v.* ANTONIO CUYAS.

FINDING OF FACTS.—The Court should find only the ultimate facts, and not the evidence upon which the ultimate facts are based.

WHAT FACTS WILL BE CONSIDERED ON APPEAL.—The Court, on an appeal upon the judgment, can consider only the ultimate facts found. If the findings contain probative facts, or the evidence upon which the ultimate facts are based, they will not be considered.

PERFORMANCE OF CONTRACT WITHIN THE STATUTE OF FRAUD.—When a verbal contract of partnership is made for the term of more than one year, and the parties act upon it, and conduct the partnership business upon the terms agreed upon, and in the firm name, neither party can afterwards avoid the obligations of the contract, as to past transactions under it, on the ground that it was a contract not to be performed within one year

from its date, and therefore within the prohibition. of the Statute of Frauds.

CONTRACT OF PARTNERSHIP BETWEEN LESSOR AND LESSEE.—The lessor, after he has leased a hotel to the lessee, may enter into a contract of partnership in keeping the hotel with the lessee, with an agreement that the rent reserved shall be a charge upon the firm, and if the latter contract is separate from the first, it does not work a surrender of the lease, and in an action by the lessor to recover the rent, the lessee may prove the partnership as a defense, if pleaded.

IDEM.—Under such contract of partnership, the lessor remains the lessor, and his claim for rent under the lease continues, but the rent must be paid out of the net profits of the partnership, and he cannot bring an action at law to recover the rent.

PARTNER CANNOT SUE CO-PARTNER AT LAW.—If the lessor of a hotel, after the lease is made, enters into a contract of partnership with the lessee in keeping the same, the lessor cannot sue at law for the rent reserved in the lease, but must sue in equity for a partnership accounting.

DEPOSITIONS TAKEN BEFORE FILING AMENDED ANSWER.—If, after depositions in a cause have been taken, an amended answer is filed, the depositions will not be rejected as evidence on the trial, on account of the filing of the amended answer, if the material issues made by both answers as to the subject matter on which the depositions were taken, are substantially the same.

APPEAL from the District Court, Seventeenth Judicial District, County of Los Angeles.

The complaint contained two counts, one for the rent of the hotel at $570 per month, from June 15th, 1870, up to February 15th, 1872, and the other for thirty thousand dollars, for so much money paid by the plaintiff at defendant's request, to merchants in San Francisco, for furniture, carpets, etc., bought by defendant from the merchants. It was alleged that the plaintiff leased the Pico house in Los Angeles, to the defendant, by a lease dated March 3d, 1870, and that the defendant went into occupation under the lease of June 15th, 1870.

The answer admitted the lease, but alleged that prior to the time the defendant took possession, and after the date of the lease, the parties entered into a partnership in keeping the hotel, and that the plaintiff was to own and furnish the furniture and have two thirds of the profits, and the defendant was to have one third of the profits, and that the losses were to be divided, and that the defendant was to

manage the business, and that the thirty thousand dollars was paid for the furniture, etc., and that the plaintiff owned it, and the defendant claimed no ownership in it. Judgment was rendered for the defendant, and the plaintiff appealed. The other facts are stated in the opinion.

*Glassell, Chapman & Smith,* for the Appellant.

Neither the alleged agreement of partnership nor the acts of the parties under it tend to show the surrender and abrogation of the lease sued on, but, at most, a partial modification thereof. For such a purpose parol evidence is not competent. (1 Gr. Ev. 302–3–4; 1 Sugd. Vend. 202, 204, 199; 13 Wend. 71; *Delacroix* v. *Buckley;* 16 Cal. 138; 2 Ph. Ev. 366, 367, citing *Price* v. *Dyer,* 17 Vesey, 356 ; *Sheffield* v. *Carpenter,* 15 Wend. 400, 405.) Even if the terms of the agreement could be construed to operate a surrender and abrogation of the lease, parol evidence of the particular agreement in question was incompetent under the provisions of our Statute of Fraud; for it would be parol evidence of the surrender of a ten years' lease—of an agreement affecting real estate—and of an agreement which, by its terms, was not to be performed within one year from its making.

Parol evidence of the part performance of such an invalid agreement was inadmissible in this action. (*Sheiflin* v. *Carpenter,* 15 Wend. 405; 16 Cal. 138; *Delacroix* v. *Buckley,* 13 Wend. 71–75; 1 Sugd. Vend. [170] 199.) The agreement relied on and the part performance must be such as would support an action for its specific performance. (id.)

The acts of the parties are no more competent than their parol declarations to prove an agreement required by the sixth and eighth sections of our Statute of Frauds to be in writing, except in an action to compel the specific performance of such agreement; and even this exception does not exist where such agreement is obnoxious to the twelfth section of said statute. (Hitt. Dig., arts. 3,150, 3,152, 3,154, 3,156.)

The plain words of the statute declare such agreements

absolutely void, unless in writing, duly executed; and it is obvious that an act proven by oral testimony is no more a writing than the oral declaration without the act.

*Kewen & Howard,* for the Respondent.

Can a partnership be created by parol to endure for a longer term than one year? We have no direct decision on the point in our State. Yet with the statute of frauds about identical with our own, the State of New York has so pronounced. The decision in *Smith* v. *Tarlton,* 2 Barb. Chan. 336, is emphatic on the subject, and confirmed to its fullest extent so late as 52 Barbour, 349. A very late treatise on partnership (Parsons) dismisses the matter with this language: "Sometimes, although rarely, the question occurs whether the provisions of a partnership come within the requirements of the statute of frauds, and must therefore, according to some authorities, be in writing, but this may be doubted." (Parsons on Partnership, page 7, marginal.)

And the only doubt is in a partnership in the purchase and sale of lands. The present suit is one for rent, where by agreement of lessor and lessee, subsequently becoming partners, the rent was to be paid by the partnership.

The Judge finds a partnership between appellant and respondent, entered into between June, 1870, and January, 1871, "acted upon as commencing from the day the hotel was opened to the public, to wit: June 18, 1870, which partnership was to pay the rent of the house."

It is of no moment whether the lease of March 3d, 1870, is abrogated or suspended. Pio Pico has consented to rely upon the firm of "Cuyas & Co." composed of Pio Pico and Antonio Cuyas, and upon such firm alone for the payment of the rent for the full term of five years. The partnership has been substituted in the stead of Antonio Cuyas.

By the Court, NILES, J.:

Several of the original findings of the Court, and most of the additional findings made at the request of plaintiff's

counsel, and to which much of their argument is addressed, are obnoxious to the objection that they are merely statements of the evidence upon which the findings of fact were based. It has been repeatedly held that a finding of the Court cannot be impeached upon the ground that it is contrary to the evidence, otherwise than by a motion for a new trial, and statement of evidence upon the motion. We can consider, upon appeal from the judgment, only the ultimate facts found by the Court, and not the probative facts, which have no proper place in the findings.

The execution and delivery of the lease by the plaintiff to the defendant are admitted by the pleadings. By its provisions the term was to commence on the fifteenth day after the delivery of the keys of the house by the plaintiff to the defendant, and was to continue for ten years. It appears from the findings, that subsequent to the execution and delivery of the lease, and prior to any delivery of the keys to the defendant, the plaintiff and defendant entered into negotiations for the formation of a partnership in the business of hotel-keeping, which, by the proposed terms, was to commence on the opening of the hotel to the public, and was to continue for the term of five years thereafter, under the firm name of Cuyas & Co.; the rent of the property to be paid by the partnership, and the profits and losses to be divided in certain proportions. Subsequently, but before any contract of partnership had been concluded, the defendant received the keys of the house from the building contractor, and three days thereafter opened the hotel to the public under the firm name of Cuyas & Co. Still later, but at what precise time does not appear, the plaintiff "accepted, assented to, and entered into the partnership with the defendant, as the result of their negotiations, * * * and acted on the same as commencing from the day the hotel was opened to the public." No written contract of partnership was made, but the partnership business was conducted upon the terms agreed upon, during the period for which rent is demanded.

At the trial plaintiff moved to strike out all evidence of the partnership agreement, upon the ground that the con-

tract was not by its terms to be performed within one year from its date, and not being in writing, was within the prohibition of the twelfth section of the Statute of Frauds. Without considering the question whether a partnership agreement of this character is within the purview of the statute, it is a sufficient answer to the objection that the contract was partly performed. The partnership was entered into and the business conducted in the firm name. Under the well settled rule of construction of this clause of the statute, neither party can avoid the obligation of the contract as to past transactions under it.

Nor do we think that the effect of the contract proven was to change or modify the terms of the lease, or to work a surrender of it. The two contracts are entirely separate and distinct. It was competent for the plaintiff, after the execution of the lease, to enter into a contract of partnership with the defendant in the business of hotel keeping, and to agree that the rent of the hotel should be a charge upon the firm. He remained the lessor and his claim for rent continued, but by an independent contract, which was entirely disconnected from the lease, he obligated himself to "sustain as a partner his proportion of the charge for rent," as of other charges against the firm. It is the result of this contract, that so long as the partnership continues, he can receive the rent only from the net profits of the concern; and these cannot be ascertained otherwise than by a partnership accounting.

The exceptions to the admission of the depositions of Galtez and Weeks were not well taken. The testimony was directed to proof of the partnership, and in this respect there was no material difference between the issues made by the original and those made by the amended answers.

We find no error in the record.

Judgment affirmed.

Mr. Chief Justice Wallace did not express an opinion.