[No. 5348.]

## JAMES B. SMITH v. R. W. ACKER et al.

CONFLICT IN FINDINGS.—If the Court makes a finding of the ultimate facts, and also makes additional findings of probative facts, which are not shown to be the only probative facts established by the evidence, and which may have co-existed with the ultimate facts found, and judgment is rendered in accordance with the ultimate facts found, the judgment cannot be attacked on the ground that the first findings are not true, because contradicted by the probative facts.

FINDING OF ULTIMATE AND PROBATIVE FACTS. — When the ultimate fact is found, no finding of probative facts which may tend to establish that the ultimate fact was found against the evidence, can overcome the finding of the ultimate fact.

| 52  | 217 |
|-----|-----|
| 80  | 368 |
| 52  | 217 |
| 90  | 74  |
| 52  | 217 |
| 105 | 305 |
| 52  | 217 |
| 106 | 538 |
| 52  | 217 |
| 107 | 608 |
| 52  | 217 |
| 112 | 93  |
| 52  | 217 |
| 113 | 551 |
| 52  | 217 |
| 122 | 408 |
| 52  | 217 |
| 149 | 575 |

APPEAL from the District Court, Twenty-second Judicial District, County of Sonoma.

Ejectment to recover the Bodega Ranch, lying in Sonoma County. A portion of the defendants, who occupied, in severalty, parts of the ranch, answered separately, denying the plaintiff's title to the parts they occupied. The complaint was dismissed as to the defendants not answering, and as to all the land not included in the answers of those answering. The ranch contained about thirty-five thousand acres. The case was tried without a jury, and the Court found the ultimate facts in issue; that the plaintiff did not own the several tracts of land described in the several answers of the defendants; but that the defendants owned the same in severalty, as set forth in their answers. These facts were filed July 24th, 1876. The Court, also, at the request of the plaintiff, found the additional facts mentioned in the opinion. These additional facts were probative facts, going through with the deraignment of title from the time the ranch was granted by the Mexican Government, in 1844, to Stephen Smith, the father of the plaintiff. The plaintiff appealed from the judgment, and the case came up on the judgment-roll, consisting of the pleadings, findings of fact and conclusions of law, and judgment for the defendants. The plaintiff contended that the probative facts found showed that the ultimate facts found could not be true.

*Williams & Thornton* and *John G. Pressley*, for the Appellant.

The first finding is a general verdict. The additional findings are a special verdict. In such case the special finding prevails over the general one. (*Leese* v. *Clark*, 20 Cal. 387; *McDermott* v. *Higby*, 23 Ibid., 489.)

*James B. Townsend*, for the Respondent.

The Court can only consider the ultimate facts found. (*Pico* v. *Cuyas*, 47 Cal. 178.) The additional findings can have no effect as against the original findings, because they are nowhere stated to contain *all* the facts, nor all the *material* facts which were *proved* on the trial.

It is nowhere *stated* or *shown* that the *only* proof by which defendants established that they were " seized in fee," was the proof which is *briefly sketched* in said " additional findings." So far as *shown* by said " additional findings," or by the record herein, said defendants *may* have established their " seizin " and right of possession by a title *other* than and *paramount* to that of the " Bodega Grant "; or by *conveyances other* than those made by said *guardian*, Tyler Curtis; or by *deeds* or other acts of *confirmation* of said guardian's sales, executed by said minor after attaining his majority. Nothing *to the contrary* of these several suppositions is *shown*, and the rule of law is fixed, that all *presumptions*, not expressly *negatived*, are to be indulged *in support* of a judgment. (*Mulcahy* v. *Glazier*, 51 Cal. 626.)

The California Code of Civil Procedure has prescribed the *only* modes by which a losing party can *test* the *sufficiency* of the facts proved " to justify the verdict, or other decision." Those modes are *not*, by the Court's " finding" those *probative* facts, but by their embodiment in a statement of the case, (prepared and settled either before or after a motion for a new trial) and by a " motion for a new trial," founded thereon, after *service* within a *limited* time, upon the adverse party, of a written " notice " that such party intends to make such motion, specifying the *grounds* upon which it is to be made, and after

*service* of such "statement," (when prepared *before* the motion) upon the adverse party specifying the *grounds* of such motion *in detail*, giving him, thereby, the opportunity to propose such "amendments" thereto as the "grounds" of the motion indicate to be necessary. (Cal. Code Civ. Proc., secs. 657, 659—subds. 3 and 4—661.

By the Court:

On the 30th day of June, 1876, the District Judge made his findings in this cause. There is no pretense that these findings were not sufficient to sustain the judgment.

On the same day, the District Judge, "at the request of the plaintiff," made thirty-eight additional findings.

It is claimed that the original findings must be disregarded, because if the additional facts found existed, the facts originally found could not exist.

But this is only saying that the original findings were not sustained by the evidence. This point could only have been made on motion for a new trial, or on appeal, on a statement or bill of exceptions specifically pointing out the deficiencies in the evidence.

Nor does the transcript distinctly show that the thirty-eight were all the "probative facts" established by the evidence. It does not appear but that the plaintiff had conveyed all his estate or claim, or that some other fact equally fatal to his case was proven at the trial.

It has been held that where facts are found from which the existence of the ultimate fact must be conclusively inferred, the finding is sufficient as a finding of the ultimate fact. But when the ultimate fact *is found*, no finding of probative facts, which may tend to establish that the ultimate fact was found against the evidence, can overcome the principal finding.

Judgment affirmed.