[No. 13204.   Department Two. — June 30, 1891.]

DAVID GILL, APPELLANT, *v.* EDWARD DRIVER ET AL., RESPONDENTS.

FINDINGS — PROBATIVE FACTS CONTRARY TO ULTIMATE FACTS FOUND. — Where ultimate facts are found which support the judgment, no finding of probative facts, which may tend to establish that the ultimate facts were found against the evidence, can overcome the finding of the ultimate facts.

APPEAL from a judgment of the Superior Court of Mendocino County.

The facts are stated in the opinion.

*T. L. Carothers,* for Appellant.

*J. A. Cooper*, for Respondents.

BELCHER, C. — This is an action to recover the possession of certain personal property, or its value, alleged to be one thousand dollars, and damages for its detention. The complaint is in the usual form in such cases.

The defendants, by their answer, deny all the averments of the complaint, and allege that at the time of the commencement of the action, and at all times since, they were and have been the owners and entitled to the possession of the property described in the complaint; that the value of the property was one thousand dollars; and while the defendants were the owners and entitled to the possession thereof, the plaintiff, under and by virtue of the proceedings in this case, unlawfully and without their consent took the property from their possession, and has ever since detained the same, to their damage in the sum of ten dollars per day.

The case was tried by the court, and judgment given for the defendants, from which the plaintiff appeals, without any statement or bill of exceptions.

The court found certain probative facts, and then found as follows: "6. That plaintiff was not at the time of the commencement of this action the owner nor entitled to the possession of the property described in the complaint, but that defendants were the owners thereof, and entitled to the possession of the same; 7. That defendants never took the said property from the possession of plaintiff at any time, but that plaintiff did, at the time of the commencement of this action, take the said property from the possession of the defendants, without their consent, under a writ of replevin, and plaintiff ever since has withheld, and now withholds, the possession of said property from defendants; 8. That the value of the use of said property during the time plaintiff has so withheld it from defendants is the sum of twenty-five dollars, and defendants have been damaged by rea-

son of the taking in the sum of twenty-five dollars, besides the value of the said property; 9. That the value of the property described in the complaint is the sum of one thousand dollars; 10. That defendants never unlawfully took or withheld said property from plaintiff, or damaged him in any manner."

The conclusions of law were, that the defendants were entitled to judgment for a return of the property, and if a return could not be had, for the value thereof, and twenty-five dollars damages; and judgment was so entered.

Only two points are made for a reversal of the judgment. They are: 1. That the probative facts were wholly without the issues raised by the pleadings, and hence could not support the judgment; and 2. That if within the issues, they were insufficient to support the judgment.

Conceding, without deciding, that these points are well taken, still they do not aid the appellant. Ultimate facts were found which do support the judgment; and they are not questioned, nor could they be, without bringing up the evidence in a statement or bill of exceptions. The rule has long been settled that "when the ultimate fact is found, no finding of probative facts, which may tend to establish that the ultimate fact was found against the evidence, can overcome the finding of the ultimate fact." (*Smith* v. *Acker*, 52 Cal. 217; *Pio Pico* v. *Cuyas*, 47 Cal. 174.)

We think the judgment should be affirmed, and so advise.

FITZGERALD, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.