[S. F. No. 2123.   Department Two.—September 13, 1902.]

## HANNAH BROWN et al., Appellants, v. MUTUAL RE-SERVE FUND LIFE ASSOCIATION, Respondent.

FINDINGS—ULTIMATE AND PROBATIVE FACTS.—Where the ultimate facts are found against the plaintiffs, no finding of probative facts in their favor will be permitted to control.

ID.—LIFE INSURANCE—CONSTRUCTION OF POLICY—FORFEITURE FOR FAILURE TO PAY PREMIUMS.—Where a life-insurance policy provided for quarterly mortuary premiums payable upon notice, and for forfeiture for failure to pay after notice, with a proviso that in case of death after five years, within six months from the date of maturity of a mortuary call unpaid, the policy should be payable to the beneficiaries, and there was a continued neglect to pay quarterly calls, and death occurred after the lapse of five years, and more than six months after the first default, and less than six months after the latest default,—the policy cannot be construed as relating to any other than the first default, and it must be deemed lapsed and forfeited as of that date, subject only to the right of the beneficiaries to demand payment, if his death had occurred within six months from that time.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Edward A. Belcher, Judge.

The facts are stated in the opinion of the court.

N. B. Malville, for Appellants.

J. B. L. Brandt, for Respondent.

HENSHAW, J.—The action was brought by plaintiffs, the widow and children of one Thomas Brown, to recover the amount of a certificate of insurance issued by defendant upon the life of Brown, and payable on his death to his widow and children.   The findings and judgment of the court were in favor of defendant, and plaintiffs appeal from the judgment upon the judgment-roll alone.

The findings are responsive to the issues, and are to the effect that Thomas Brown failed to comply with the conditions of his contract, failed to pay a certain mortuary call

when due, and permitted his policy to lapse and become forfeited. These findings support the judgment. But, as we understand appellants' contention, certain findings are inconsistent with these, and are sufficient to entitle plaintiffs to a judgment. But the ultimate facts having been found against the plaintiffs, no finding of probative fact will be permitted to control. (*Gill* v. *Driver,* 90 Cal. 72; *Pico* v. *Cuyas,* 47 Cal. 174; *Wood* v. *Pendola,* 78 Cal. 287.) But, giving consideration to appellants' contention, the facts are these: Mortuary premiums were due within thirty days from the first week-day of the months of February, April, June, August, October, and December of each year. The policy provided for a lapse or forfeiture if such premiums were not duly paid after notice. The findings disclose that such notice was given for the mortuary premium due in the month of June, 1897. The insured did not pay this premium, and in the following month he was notified that the assessment, or mortuary call, had not been paid, that his policy had lapsed, and that he could only be reinstated upon written application therefor, accompanied by the amount of the assessment. Brown did nothing further in the matter, paid no more premiums, and died upon January 24th of the following year. The policy provided "that if this certificate or policy has been in force for five years from its date, then and in that event, and thereafter and before the expiration of ten years from its date, death shall occur within six months from the date of maturity of dues unpaid, or within six months from the date of the mortuary call which such member has omitted or neglected to pay, this certificate or policy shall nevertheless be paid and payable to the beneficiary hereunder." The insured having failed to pay the June mortuary call in the early part of July, and having died in the latter part of January of the following year, it is undisputed that this clause of the policy cannot avail the plaintiffs, because his death occurred more than six months after his neglect and failure to pay. But appellants, notwithstanding the fact that no other calls or demands were ever made upon the insured, and that he paid none, contend that because mortuary calls upon the policy were likewise due in August, October, and December, and because the insured died within six months from the date of maturity of any of these later calls, the policy should be considered in force. Such con-

struction is manifestly untenable. It would continue the policy forever in force, notwithstanding the insured's refusal for years to pay premiums upon it. From the date of his first failure or refusal to pay a mortuary call when due, and after the notice given to him, his policy lapsed, subject only to the right of beneficiaries to demand payment if his death occurred within six months from that time.

The judgment appealed from is affirmed.

McFarland, J., and Temple, J., concurred.