[Civ. No. 277. First Appellate District.—November 23, 1906.]

## M. G. VASEY, Respondent, v. J. H. CAMPBELL, Appellant, and FRANK H. ROSS, Codefendant.

REPLEVIN—FINDINGS—ULTIMATE FACTS—SUPPORT OF JUDGMENT.—In an action for the recovery of personal property, the finding that the plaintiff is the owner of, and entitled to the possession of, the property is of an ultimate fact, upon which the right of recovery depends, and, taken with other findings as to the possession of the property by the defendant appealing, the demand by plaintiff upon him for the delivery thereof, his refusal to deliver the same, its value, and the damage, the findings are sufficient to support the judgment for the plaintiff.

ID.—FORM AND CONSTRUCTION OF FINDINGS—PREVALENCE OF ULTIMATE OVER PROBATIVE FACTS—RELATION TO PLEADINGS AND JUDGMENT.— The principles are settled that findings should state the ultimate facts pleaded, and not probative facts, and are sufficient if they

follow the pleadings, that findings as to ultimate facts control as against findings of probative facts, and that findings should be so construed as to uphold rather than to defeat the judgment.

ID.—ULTIMATE AND PROBATIVE FACTS—USE OF PROPERTY FOR GAMBLING.—INFERENCES NOT PERMISSIBLE.—In view of the principles applicable, and in view of the express finding of the ultimate fact of plaintiff's ownership and right of possession of the property recovered—even conceding that, if it had been found that the property sued for was intended to be used by plaintiff in violation of the gambling laws of the state, and that it could not be put to any legitimate use, replevin would not lie to recover it—yet, in the absence of any such findings, it cannot be inferred from the mere probative finding that the property is commonly used for unlawful gambling, and that a part of it was so used when seized by order of defendant appealing, as district attorney, that plaintiff ever so used it, or intends so to use it, or that it cannot be used for lawful purposes, but the express finding of the ultimate fact must prevail,

APPEAL from a judgment of the Superior Court of Santa Clara County. A. L. Rhodes, Judge.

The facts are stated in the opinion of the court.

J. H. Campbell, Appellant in *pro. per.*

Cobb & Rea, for Respondent.

W. A. Beasley, for Frank H. Ross, Defendant.

HALL, J.—This is an appeal by defendant Campbell from a judgment in favor of plaintiff and against Campbell for the recovery of certain personal property, and one dollar damages for the detention thereof, and comes to this court upon the judgment-roll.

The complaint is in the usual form of an action for claim and delivery of personal property. The contention of appellant is that although the court, in express terms, found "That the plaintiff is now, and for more than one year last past has been, the owner of and entitled to the possession of" the property sued for, the judgment is not supported by the findings, because from other findings it appears that the property sued for is ordinarily used in playing a banking game prohibited by the statutes of this state.

The finding that the plaintiff is the owner of and entitled to the possession of the property is a finding of an ultimate fact, and with the other findings as to the possession of the property by defendant, the demand for the delivery thereof, the refusal to deliver, the value and damage, are sufficient to support the judgment.

It is insisted, however, by appellant that the findings as a whole do not support the judgment, and that the same should be reversed, because, as it is claimed, other findings show that the property sued for is used for the purpose of playing a banking game prohibited by the statutes of this state, and was taken possession of under the direction of defendant as district attorney.

An examination of the findings discloses that it is nowhere found that plaintiff ever used any of the property recovered for gambling purposes, or that any of it was ever so used with his knowledge, or that he intends to so use it in the future, or that it can only be used for such purposes. Thus, while it is found that a bird's-eye ball-bearing wheel "is commonly known as and used as a roulette wheel, and that roulette is a gambling game and a banking game; that plaintiff has used said roulette wheel for other purposes not unlawful," it is not found that plaintiff used it for unlawful purposes.

As to a cardholder, it is found that it "is an ordinary cardholder, capable of being used in numerous legal ways, but is commonly known as and used as a faro bank cardholder."

It is found that a square indicator and rectangular board and composition checks have been and may be used as a faro lay-out in the game of faro. That a certain table "is commonly known as and used as a crap table in the game of craps, which is a banking game, but that said table might be used for any of the ordinary purposes for which any table might be used." "That all of said property above mentioned is ordinarily used in playing a banking game or gambling game, prohibited by the statutes of this state, but is harmless when not so used."

The court further found that plaintiff was arrested for carrying on gambling games, and that at the time of the seizure of the property the crap table was in use and the game of craps was being played thereon, but none of the other prop-

erty was being used, and that at the time of the commencement of this action none of the property was held as evidence or to be used as evidence in any criminal action or proceeding.

Going back to the finding that plaintiff is the owner and entitled to the possession of the property sued for, the question is presented, Do the other findings overcome the effect of such finding?

The finding of ownership and the right to the possession of the property is the finding of an ultimate fact upon which the right to recover depends. The finding follows the allegation of the complaint, which is in the usual and approved form for an action of claim and delivery. (See *Daly* v. *Sorocco*, 80 Cal. 367, [22 Pac. 211]; *Murphy* v. *Bennett*, 68 Cal. 528, [9 Pac. 738].) "Findings should state the ultimate facts pleaded, and not probative facts." (*McCarthy* v. *Brown,* 113 Cal. 15, [45 Pac. 14].) "The only purpose of the findings is to answer the questions put by the pleadings and, if facts are stated in the findings in the same way in which they are stated in the pleadings, they are sufficient." (*Dam* v. *Zink,* 112 Cal. 91, [44 Pac. 331].)

Findings as to ultimate facts control as against findings of probative facts. (*Barrante* v. *Garratt,* 50 Cal. 112; *Gill* v. *Driver,* 90 Cal. 72, [27 Pac. 64]; *Smith* v. *Acker,* 52 Cal. 217; *Brown* v. *Mutual etc. Assn.,* 137 Cal. 278, [70 Pac. 187].)

Findings should be construed so as to uphold rather than to defeat the judgment. (*Breeze* v. *Brooks,* 97 Cal. 72, [31 Pac. 742].)

It may be conceded for the purpose of this case that if it had been found that the property sued for was intended by plaintiff to be used in violation of the gambling laws of the state, and that it could not be put to any legitimate use, replevin would not lie for the recovery thereof. (*Board of Police Commrs. etc.* v. *Wagner,* 93 Md. 182, [96 Am. St. Rep. 423, 48 Atl. 455, 52 L. R. A. 775].) But applying the principles above set forth concerning the interpretation of findings we have no such case. In the face of the express finding that plaintiff is the *owner* and *entitled* to the possession of the property sued for, we cannot infer from the finding that the property is commonly used for unlawful gambling, and that a part was being so used when seized by defendant's order, that plaintiff ever so used it, or intends to so use it, or

that it cannot be used for lawful purposes. The finding that the articles are commonly used for unlawful gambling purposes suggests the inference that plaintiff seeks the possession of the property with the object of using it for such purposes, and together with other evidence would have justified a finding to that effect by the trial court. But we cannot indulge in such inferences in the face of the express finding of the ultimate fact that plaintiff is entitled to the possession of the property sued for.

The judgment is affirmed.

Cooper, J., and Harrison, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeals, was denied by the supreme court on January 22, 1907.