[Civ. No. 2900.   Third Appellate District.—June 15, 1925.]

ENTERPRISE FOUNDRY COMPANY (a Corporation), Appellant, v. A. POLLY, Respondent.

[1] REPLEVIN — OWNERSHIP AND RIGHT OF POSSESSION — FINDINGS—APPEAL.—In an action to recover possession of a certain gasoline engine, where the trial court makes ultimate findings against plaintiff and in favor of defendant on the questions of ownership and right of possession, which findings are sufficient in themselves to support the judgment in favor of defendant, and the court also makes other findings in which probative facts are in-

1. See 24 Cal. Jur. 972; 26 R. C. L. 1093.

corporated, which indicate that the ultimate facts are not sufficiently proven, and an appeal is made upon the judgment-roll alone, the probative facts set forth in the findings must be disregarded.

(1) 4 C. J., p. 1057, n. 85.

APPEAL from a judgment of the Superior Court of Mendocino County. H. L. Preston, Judge. Affirmed.

The facts are stated in the opinion of the court.

Peirsol & Stone and Charles Kasch for Appellant.

M. H. Iverson for Respondent.

PLUMMER, J.—This is an appeal upon the judgment-roll alone in an action wherein the plaintiff sought to recover possession of a certain gasoline engine, or the value thereof. The defendant had judgment and the plaintiff appeals.

[1] The only points relied upon for reversal are the alleged inconsistencies in the findings and that, therefore, the judgment is not supported by the findings of fact.

At the conclusion of the trial the court made the following findings of fact:

"1. The court finds that the plaintiff on August 16th, 1921, was not and is not now the owner of and entitled to the possession of or entitled to the possession of that certain eight horse power gasoline engine No. 370, which said engine was and is now in a certain boat being used in fishing out of Fort Bragg, Mendocino County, California.

"2. The court further finds that said personal property is not now and was not at the time of filing the complaint in this action, wrongfully detained or detained at all by the defendant from the plaintiff.

"3. The court further finds that on August 16th, 1921, and for a long time prior thereto, the defendant A. Polly was and now is the owner of and entitled to the possession of the said gasoline engine described and referred to in Paragraph one of these findings.

"4. The court finds that said defendant, A. Polly, became the owner of said property by purchase from one E. Karnaiss, and that he has fully paid said E. Karnaiss the full purchase price of said engine prior to the commencement of the action herein.

"5. The court further finds that at the time of purchasing the said engine from the said E. Karnaiss, and at the time of paying him for it, the said Karnaiss was the agent of the plaintiff, Enterprise Foundry Company, a corporation."

By findings 1, 2 and 3 the ultimate fact is determined that the defendant was, prior to the time of the trial, at the time of the trial and at the date of making the findings and entering judgment, the owner of the gasoline engine in controversy. By findings 4 and 5 certain probative facts, which appeared in the case, are set forth and it is on the ground that these findings, in setting forth probative facts, do not set forth sufficient to establish payment or agency.

The law is well settled in this state that where ultimate facts are found, which are sufficient in themselves to support the judgment entered, the mere fact that the trial court also makes findings in which probative facts are incorporated, which indicate that the ultimate facts are not sufficiently proven, and an appeal is made upon the judgment-roll alone, the probative facts set forth in the findings must be disregarded. In *Gill* v. *Driver*, 90 Cal. 72 [27 Pac. 64], in considering this very question, the supreme court held as follows: "Ultimate facts were found which do support the judgment; and they are not questioned, nor could they be, without bringing up the evidence in a statement or bill of exceptions. The rule has long been settled that 'when the ultimate fact is found, no finding of probative facts, which may tend to establish that the ultimate fact was found against the evidence, can overcome the finding of the ultimate fact.'" (Citing, *Smith* v. *Acker*, 52 Cal. 217; *Pio Pico* v. *Cuyas*, 47 Cal. 174.)

In the case of *Breeze* v. *International Banking Corp.*, 25 Cal. App. 437 [143 Pac. 1066], this court, speaking through Justice Hart, thus decides the same question: "Where the trial court makes both probative and ultimate

findings and the one set is inconsistent with the other, the general rule is as it is declared in the case of *Perry* v. *Quackenbush,* 105 Cal. 299 [38 Pac. 740], as follows: 'Findings of probative facts will not, in general, control, limit, or modify the findings of the ultimate fact. The province of the trial court is to find the ultimate facts, and not probative facts. If, from a consideration of the probative facts, this court should determine that they did not justify the finding of the ultimate fact, it would determine that the evidence did not justify the decision. This, it has been repeatedly held, cannot be done in this mode.' "

And further quoting from the case of *Pico* v. *Cuyas, supra,* it is there said: "It has been repeatedly held that a finding of the court cannot be impeached upon the ground that it is contrary to the evidence otherwise than by a motion for a new trial and statement of evidence upon the motion. We can consider upon appeal from the judgment only the ultimate facts found by the court, and not the probative facts which have no proper place in the findings," citing *Smith* v. *Acker,* 52 Cal. 217; *Frazier* v. *Crowell,* 52 Cal. 399; *Gill* v. *Driver,* 90 Cal. 72 [27 Pac. 64]; *Rankin* v. *Newman,* 107 Cal. 602 [40 Pac. 1024, 41 Pac. 304]; *Commercial Bank* v. *Redfield,* 122 Cal. 405 [55 Pac. 160, 772]; *Brown* v. *Mutual Reserve Fund Life Assn.* 137 Cal. 278 [70 Pac. 187].

These cases are conclusive of all questions presented upon this appeal. The judgment of the trial court is affirmed.

Thompson, J., *pro tem.,* and Finch, P. J., concurred.