[Civ. No. 9211. Second Appellate District, Division Two.—February 13, 1935.]

MINNIE SHAW, Plaintiff and Appellant, v. IMPERIAL MUTUAL LIFE AND BENEFIT ASSOCIATION (a Corporation) et al., Defendants; IMPERIAL MUTUAL LIFE INSURANCE ASSOCIATION (a Corporation), Defendant and Appellant.

W. H. Douglass for Plaintiff and Appellant.

Charles R. Thompson for Defendant and Appellant.

WILLIS, J., *pro tem.*—The record herein includes three appeals. To avoid confusion the parties will be denominated as "plaintiff" and "defendant", and the appeals will be considered in the following order: (1) Appeal by defendant from a judgment entered on findings of fact and conclusions of law in favor of plaintiff for the sum of $1533 on an insurance policy issued to one James Manning, father of plaintiff. (2) Appeal by plaintiff from the same judgment. (3) Appeal by plaintiff from an order made after judgment striking her cost bill.

*Appeal No. 1.*

The defendant is a mutual life and benefit association organized and operating under the provisions of the Civil Code relating thereto (secs. 452a to 453, incl.). On March 29, 1930, defendant issued to James Manning its certificate of membership. For failure to pay the net semiannual premium the member was suspended, but on October 7, 1930, on the written application of Manning, his membership was reinstated. Thereafter he paid all premiums and assessments and dues required until his death, which occurred on September 17, 1931. In his application for reinstatement Manning represented that he had "not consulted a doctor during the past twelve months" and that he had "had no illness of any kind during the past twelve months." In its amended answer defendant alleged that these representations were false, and made with intent to defraud defendant and to induce defendant to reinstate said certificate. After a trial of the issue joined on this affirmative defense the court found that it was "not true that decedent in his application for reinstatement dated October 7, 1930, made false and fraudulent statements for the purpose of inducing the defendant to reinstate said policy as is alleged in the defendant's answer as a defense to this action".

 The law presumes that decedent did not commit fraud when he procured the reinstatement of his certificate. (*Everett* v. *Standard Acc. Ins. Co.*, 45 Cal. App. 332 [187 Pac. 996].) The burden of affirmatively proving the falsity of the representations made by decedent devolved upon defendant, and to establish fraud the evidence must be clear and satisfactory. (*Hannon* v. *Madden*, 214 Cal. 251 [5 Pac. (2d) 4]; *Travelers Ins. Co.* v. *Byers*, 123 Cal. App. 473 [11 Pac. (2d) 444].) The rule is well established that an untrue statement, in order to avoid an insurance policy, must have been knowingly and intentionally made with the intention of defrauding the insurer; and whether a false statement was so made is a question of fact for the jury or trial court. (*Pedrotti* v. *American Nat. Fire Ins. Co.*, 90 Cal. App. 668 [266 Pac. 376].) In the light of these rules we have examined the evidence touching the question of fraud, as it is here presented by the reporter's transcript, and find therein nothing to show that decedent had any knowledge of any "illness" during the preceding year or

that the statements of decedent in his reinstatement application were *wilfully false,* as is required to sustain a defense based on the ground of fraud in an action upon the policy issued thereon. (*Travelers Ins. Co.* v. *Byers, supra.*) The finding of the trial court on that issue is supported by the evidence and is conclusive on this court.

### Appeal No. 2.

On this appeal plaintiff contends that under the facts and the law she was entitled to a judgment for $3,000 instead of the lesser amount found and adjudged. ▮ As the appeal is on the judgment roll alone, our inquiry is limited to the question of the correctness of the conclusions of law.

▮ The findings together with admissions in the pleadings show that on March 29, 1930, defendant issued its membership certificate to James Manning, wherein it agreed to pay plaintiff, as beneficiary, the sum of $3,000 upon receipt of proof of death of said member, provided, however, if death occurred within six months from date of certificate the amount payable shall not exceed $1,000, and should death occur after six months from date of certificate the amount payable shall not exceed $2,000; and if death occur over twelve months after date of certificate the full sum of $3,000 shall be paid, provided, however, that said amount is conditional that there be at least fifteen hundred $3,000 policies, or three thousand $1500 policies in good standing at the time of death of said member, or $3,000 in the mortuary fund; if a less number of the policies above described be in good standing, or there be less than $3,000 in the mortuary fund, then the amount payable under such certificate shall be $2 for each $3,000 policy member, and $1 for each $1500 policy member, all in good standing; but in no event shall the amount exceed $3,000. At the date of issuance of the original certificate on March 29, 1930, the defendant association issued policies in denominations only of $1500 and $3,000, but after June 26, 1930, when certain amendments were made to its by-laws, the association issued policies of denominations of $1,000 and $2,000, in addition to those of $1500 and $3,000. Assessments were thereafter levied on all members irrespective of the amount of their policies, upon the death of any member. At the date of death of decedent there were in force 2,753 policies, of which 629 were $3,000 policies and 275 were $1500 policies, the

remainder being of denominations other than these. At the date of such death there was in the mortuary fund only $629. The court then found that $2 for each of the 629 $3,000 policies produced the sum of $1258, and that $1 for each of the 275 $1500 policies produced the sum of $275, and that the total of said sums equalled $1533, for which amount it concluded plaintiff was entitled to judgment.

The by-laws in force at the date of the original certificate and the by-laws as amended in the interim between that date and the date of reinstatement are set forth in the findings. Plaintiff contends that by such amended by-laws defendant was allowed to write policies in denominations other than $1500 and $3,000, which had the effect of classifying its old members with $1500 and $3,000 policies so as to exclude their policies from the benefits of assessments collected on the new policies written under the amended by-laws in other amounts. We find nothing in the by-laws as found and stated in the findings which refers to or limits the writing of policies in any specific amount. The court found that at the date of issuance of the original certificate to decedent defendant issued policies in denominations of $1500 and $3,000, and that after the amendment of the by-laws it issued policies in other denominations, such as policies for $1,000 and $2,000, and that thereafter upon death of any member assessments were levied on all members and policyholders, irrespective of the amount of their policies. Such action or method of conducting its business did not have the effect of classifying the old members, although it might have the effect of reducing the total of $1500 and $3,000 policies in force at a given date thereafter. Under section 452a of the Civil Code defendant was authorized to pay to the nominee of any member a sum not exceeding $3,000, and by section 453 it was provided that on the death of a member an assessment on the surviving members not exceeding $3 for each member may be levied and collected and with its proceeds pay the benefits provided in the contract issued to the deceased member. The contract as found by the court specifically provides the method of determining the amount of benefit to be so paid, and the findings show all the facts essential upon which to compute such amount. The conclusion of the court is in accordance with those findings.

■ In addition, we may say that upon this appeal, based on the judgment roll alone, we are limited in our consideration of facts to those admitted by the pleadings and embraced in the findings of fact. Nowhere therein does there appear any facts which would support the claim of plaintiff that the beneficiary under the policy in question was deprived of any benefit provided for in the contract and by-laws. ■ The amended by-laws were in force at the date of reinstatement, and became a part of the contract when it was renewed by reinstatement on October 7, 1930; and even if such amendment had the effect of allowing defendant to issue policies in denominations other than $1500 and $3,000, it would be binding on the insured and would become part of the contract of insurance. The policy as reinstated after this amendment of the by-laws provided that the member shall abide by the by-laws then in force. Such by-laws, therefore, enter into and must be considered as a part of the contract. (*O'Connor* v. *Grand Lodge A. O. U. W.,* 146 Cal. 484 [80 Pac. 688].) Under the contract and the by-laws and the other facts shown herein by the judgment roll, we conclude that there was no error in the court's conclusion and that the judgment entered is fully supported.

### Appeal No. 3.

■ This appeal is based upon the judgment roll and the clerk's transcript of proceedings on the motion to strike the cost bill, and involves the question of correctness of the court's order to strike plaintiff's cost bill. The right to recover costs exists solely by virtue of statute. The action brought by plaintiff herein was an action at law for money. Neither the allegations nor the prayer in her complaint constitute basis for any relief in equity. The judgment entered was one which could have been rendered by a municipal or inferior court within the county, and plaintiff was therefore not entitled to recover costs by reason of the plain language of sections 1022 and 1025 of the Code of Civil Procedure as they existed at the date of judgment.

Other points argued on this appeal are without merit.

The judgment and order are, and each of them is, affirmed.

Stephens, P. J., and Crail, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 15, 1935.