[Civ. No. 12928. First Dist., Div. One. Feb. 27, 1946.]

LOUISE KOMPF, Appellant, v. ALLEN MORRISON et al., Defendants; LAURA GROAT, Respondent.

Hauerken, Ames & St. Clair, George H. Hauerken and Alden Ames for Appellant.

Arthur J. Healy for Respondent.

PETERS, P. J.—Plaintiff, Louise Kompf, brought an action against Allen Morrison, Laura Groat Morrison, who is Allen's wife, and Laura Groat, who is Allen's mother-in-law, for damages suffered by plaintiff when she was hit by an automobile driven by Allen Morrison. Liability was sought to be imposed on Laura Groat (the mother-in-law) as owner of the car on her statutory liability. The cause was tried before

the court without a jury. Judgment was rendered against Allen and Laura Morrison in the sum of $4,844.15, plus costs, but in favor of Laura Groat. The basis of the judgment in favor of Laura Groat was a finding that she was not the owner of the automobile in question. Plaintiff appeals from that portion of the judgment exonerating Laura Groat. She has elected to appeal on the clerk's transcript alone, so that none of the evidence produced in the trial court is before us.

Because of the confusion that seems to exist in the briefs as to the rules applicable to such an appeal, some reference should be made to such rules before discussing the findings.

■ It is elementary and fundamental that on a clerk's transcript appeal the appellate court must conclusively presume that the evidence is ample to sustain the findings, and that the only questions presented are as to the sufficiency of the pleadings and whether the findings support the judgment. (*Ward* v. *Ward*, 15 Cal.2d 234 [100 P.2d 773]; *Delanoy* v. *Delanoy*, 216 Cal. 23 [13 P.2d 513]; *Gin S. Chow* v. *City of Santa Barbara*, 217 Cal. 673 [22 P.2d 5]; *Shaw* v. *Imperial Mut. L. & B. Assn.*, 4 Cal.App.2d 534 [41 P.2d 574]; *W. & J. Sloane, Inc.* v. *Barnett*, 26 Cal.App.2d 650 [80 P.2d 137]; *Hoyt Heater Co.* v. *Hoyt*, 68 Cal.App.2d 523 [157 P.2d 657].)

■ Moreover, on such an appeal, it is generally true that findings on probative facts, where they do not preclude the possibility of the existence of other evidence to support the ultimate facts, do not limit or modify the findings of ultimate facts. (*Enterprise Foundry Co.* v. *Polly*, 73 Cal.App. 225 [238 P. 722]; *Gill* v. *Driver*, 90 Cal. 72 [27 P. 64]; *Lamanet* v. *Lamanet*, 18 Cal.App.2d 402 [63 P.2d 1195]; *J. Musto etc. Co.* v. *Pacific States Corp.*, 48 Cal.App. 452 [192 P. 138]; *Fitzpatrick* v. *Underwood*, 17 Cal.2d 722 [112 P.2d 3].)

■ Under this rule it is usually recognized that a finding of ownership is a finding of an ultimate fact and not a conclusion of law (*Colver* v. *W. B. Scarborough Co.*, 73 Cal.App. 421 [238 P. 1096]; *Enterprise Foundry Co.* v. *Polly*, 73 Cal. App. 225 [238 P. 722]), although under particular circumstances it may be a conclusion of law (*Levins* v. *Rovegno*, 71 Cal. 273 [12 P. 161]; *Gardner* v. *San Gabriel Valley Bank*, 7 Cal.App. 106 [93 P. 900]). Whether ownership is an ultimate fact or a conclusion of law depends upon the issues presented. In the present case the appellant did not plead any evidentiary facts in support of her allegation of ownership in Laura Groat, merely pleading that "defendants, and

each of them, were the owners of the said Chevrolet sedan automobile," and that it was operated with their consent. The answer of all defendants on this issue was a general denial. Thus, so far as the pleadings are concerned, the issue as to whether Laura Groat was the owner was treated as an ultimate fact. Since the trial court has found that Laura Groat was not the owner, such was clearly a finding of ultimate fact and not a conclusion of law. This being a clerk's transcript appeal, we must conclusively presume that that ultimate fact is supported, even if that ultimate fact were contrary to the probative facts found. That ultimate fact obviously supports the judgment. We would be justified, therefore, in affirming the judgment on this reasoning alone, even if there were a conflict between the ultimate and probative facts. ▮ As was said in *Lamanet* v. *Lamanet,* 18 Cal. App.2d 402, at p. 405 [63 P.2d 1195]: "In resolving any apparent inconsistency between findings of ultimate and probative facts, the rule is that such probative facts are to be disregarded unless it appears that the ultimate fact was based exclusively upon the probative facts found and tend to show that the ultimate fact found was against the evidence. Here no claim is made of the insufficiency of the evidence inasmuch as the appeal is presented on the judgment roll alone, so that the sufficiency of the evidence to support the findings is admitted. Where ultimate facts are found which are sufficient in themselves to support the judgment entered, the mere fact that the trial court also makes findings in which probative facts are incorporated which indicate that the ultimate facts are not sufficiently proved and an appeal is had upon the judgment roll alone, the probative facts set forth in the findings must be disregarded. [Citing cases.] We do not know what other evidence there may have been to sustain the finding of the ultimate fact and appellant makes no claim that the probative facts relied upon constitute the sole facts upon which the ultimate finding of change of possession was based. All intendments and presumptions are in favor of the judgment. This rule specifically applies to the construction of findings of fact to the effect that findings will be construed to uphold rather than to defeat a judgment." (See, also, *Fitzpatrick* v. *Underwood,* 17 Cal.2d 722 [112 P.2d 3].) This rule of law is not technical, nor as appellant's counsel claimed at the oral argument, the result of any desire on the part of appellate judges to uphold judgments even at the expense

of fairness and logic, but the inevitable result of the method of appeal chosen by appellant herself. The new Rules on Appeal provide several inexpensive and flexible methods by which single issues may be presented to the appellate court on the evidence produced before the trial court. Thus, under rule 6 appellant could have come up on an agreed statement of facts, or under rule 7 on a settled statement, or under rule 4(b) on a partial transcript. Appellant, however, elected to come up on a clerk's transcript alone, under which method, of course, no evidence at all is before this court. Grave miscarriages of justice would result if an appellant was permitted to argue factual questions on such an appeal.

The above discussion has proceeded on the assumption that even if the ultimate fact found that Laura Groat was not the owner of the car, was contrary to or inconsistent with the findings of probative facts, the judgment must be affirmed. A reading of the findings, however, demonstrates that the ultimate and probative facts found are not inconsistent, and that they disclose another independent ground upon which the judgment must be affirmed. So far as is pertinent to the issue of ownership of the car, the trial court found that on March 8, 1943, the date of the accident, the Chevrolet in question was registered in the name of Laura Groat, 1284 - 21st Avenue, San Francisco, as the registered and legal owner thereof; that all three defendants live at that address; that defendant Laura Groat is the mother of defendant Laura Morrison; that the latter defendant was, before her marriage to Morrison, also known as Laura Groat; that the Chevrolet in question was purchased by Charles Groat, husband of Laura Groat and father of Laura Groat Morrison, prior to 1934 and was registered in his name at the time of his death in October, 1934; that the automobile had been purchased with the community funds of Charles and Laura Groat, and was their community property; that the decree of distribution in the estate of Charles Groat, without specific mention of the automobile, distributed all community property to Laura Groat, his wife; that prior to his death Charles Groat made an oral gift of the automobile to his daughter Laura Morrison, then known as Laura Groat; that said gift was not accompanied by any writing; that "three years after the death of said Charles F. Groat, defendant Laura Morrison, then known as Laura Groat, brought the ownership certificate of the said vehicle to the Department of Motor Vehicles, and the Depart-

ment of Motor Vehicles reissued said ownership certificate upon the request of Laura Morrison, then known as Laura Groat, in the name of Laura Groat, 1284 21st Avenue, San Francisco, as the registered and legal owner thereof. That said Laura Groat in whom said Chevrolet Sedan automobile was so registered is the defendant Laura Morrison, then known as Laura Groat, and not the defendant Laura Groat''; that at the time of the accident defendant Allen Morrison was operating the car with the permission of Laura Groat ''to whatever extent she was the legal and registered owner of the automobile''; that defendant Laura Groat does not own the automobile.

Appellant contends that the only basis of the finding of ownership in Laura Morrison is the oral gift from her father, and she argues at length that such transfer was not in the form required by section 45(a) of the Motor Vehicle Act, [Stats. 1923, p. 517; Deering's Gen. Laws, 1931, Act 5128], as that statute read in 1934, and, for that reason, and that under section 45(e), the purported oral transfer, was, as then provided in that section ''incomplete and not to be valid or effective for any purpose.'' Based on this premise it is urged that the mother, respondent Laura Groat, became the legal owner of the car by the decree of distribution under which all community property was distributed to her. The Supreme Court of Nebraska, on substantially similar facts, has held, in accordance with appellant's contentions, that an attempted inter vivos gift is ineffective to pass title. (In re *Wroth's Estate,* 125 Neb. 832 [252 N.W. 322]; see annotation on the general subject in 94 A.L.R. 948.) However, in California it is not literally true that every transfer not in accordance with the statute is ineffectual for any purpose. (See *Schmidt* v. *C. I. T. Corporation,* 14 Cal.App.2d 92 [57 P.2d 1016]; *Parke* v. *Franciscus,* 194 Cal. 284 [228 P. 435]; *Ferroni* v. *Pacific Finance Corp.,* 21 Cal.2d 773 [135 P.2d 569].) The daughter, Laura Morrison, has had actual possession under the oral authorization for over five years, with full knowledge of her mother. It might be argued that in any event she has title by adverse possession.

But even if the oral gift were totally ineffective, and if the daughter has not title by adverse possession, and if the decree of distribution did distribute the car to the respondent Laura Groat, that would not aid appellant. That would not prove that respondent was the owner of the car in 1943. The

trial court expressly found that in 1937, after the date of the decree of distribution, the Motor Vehicle Department issued its certificate showing that Laura Groat was the owner, and that by that registration the Motor Vehicle Department intended to and did designate Laura Groat the daughter, and not Laura Groat the wife of Charles Groat, and respondent here, as the owner. The court made no findings as to the circumstances under which this change in registration was secured—it simply found that the department then registered the car in the name of the daughter. Can we assume that the Motor Vehicle Department, without authority, in violation of law, so registered the car? Must we not presume in support of the finding, and in accordance with subdivision 15 of section 1963 of the Code of Civil Procedure, that "official duty has been regularly performed"? The answer to these questions is obvious. Since appellant has not seen fit to present us with any of the evidence on the issue we must assume that the department made the registration lawfully and only upon a proper showing that Laura Groat, the daughter, was the true owner. Whether this was based on a confirmation by the mother of the oral gift to the daughter, or upon a direct transfer from the mother to the daughter, the findings do not disclose. Regardless of how ownership reached the daughter, in view of the finding that the department, in 1937, registered the car in the name of the daughter, we must assume that such registration was made on proper affidavits of the mother and daughter as to the ownership of the car. What appellant wants us to do is to presume that either the Motor Vehicle Department acted unlawfully, or that the daughter was guilty of a grave fraud, and all this without a finding or evidence on either issue. That we cannot do.

Appellant argues that the finding that the car, in 1937, was registered in the name of the daughter is inconsistent with the findings in reference to what she claims was the abortive gift. For reasons already stated, the contention is unsound. The registration finding can stand regardless of whether the findings relating to the gift render that gift abortive. If, as has already been pointed out, a finding of ultimate fact will prevail even where there are inconsistent findings of probative facts, certainly a finding of ultimate fact must be presumed to be supported on a clerk's transcript appeal when it is not inconsistent with the probative findings.

The portion of the judgment appealed from is affirmed.

Ward, J., and Schottky, J. pro tem., concurred.