[Civ. No. 16627. Second Dist., Div. Two. Nov. 24, 1948.]

S. HARRY SULLIVAN, Appellant, v. VICTOR SELTEN et al., Respondents.

Frank H. Love, H. B. Cornell and A. L. Abrahams for Appellant.

Arthur V. Kaufman for Respondents.

MOORE, P. J.—Plaintiff appeals on the judgment roll contending that the findings entitle him to judgment for $7,101.92 with interest, instead of the $306.52 awarded by the court. The logic of appellant is insurmountable.

On November 23, 1946, the parties executed a "Preorganization Agreement" whereby (1) they would form a corporation to operate a café and bar in a hotel at San Diego and (2) appellant would act as manager and "loan and advance to the corporation any and all money necessary for the purpose of purchasing . . . stock in trade . . . and for all other operating expenses . . . not to exceed $15,000." Without incorporating they commenced operations as a partnership on December 14 and continued to conduct the business for seven days. Dissension having arisen, December 21, 1946, they mutually rescinded their contract and agreed that (1) during the week's operation they had suffered a loss of $2,200; (2) appellant had contributed and advanced $8,201.92; (3) respondents were indebted to him in the sum of his advances less one-half of such losses, or the sum of $7,101.92, and would pay that sum to him. Thereupon appellant withdrew from the business and respondents took over the restaurant and all books and records relating thereto, all stock in trade, equipment and cash, and agreed to pay appellant the $7,101.92 within two days.

In addition to the facts above stated the court found the allegations of the second count to be true: that "on or about

the 21st day of December, 1946, an account was stated by and between plaintiff and defendants wherein it was ascertained, determined, and agreed that defendants were indebted to plaintiff in the sum of $7,101.92.''

Notwithstanding the foregoing the court incorporated in its decision appellant's promise contained in the preorganization agreement to advance sums not to exceed $15,000 and declared (1) that he advanced to the business for equipment and merchandise the sum of $8,201.92 but did not advance the sum of $6,895.41; (2) that by reason of his obligation to advance $15,000 ''notwithstanding the cancellation of said agreement . . . justice requires that there be deducted from the money claimed to be due by plaintiff the sum of $6,895.41, leaving a balance of $306.52 which he is entitled to recover from said defendants.''

The declarations last above quoted have no place in the court's decision. They are the wishful thoughts of the judge. His concept of what constitutes justice in the abstract would adorn the pages of the rarest of *de luxe* volumes. But his zeal to temper what he deemed the hardship of a judgment necessitated by his findings is no proper accompaniment to a court's required performance. After finding that appellant had paid $8,201.92 to the partnership pursuant to his agreement to advance as much as $15,000, that the partnership had been dissolved and the preorganization contract mutually rescinded, and that all the parties had agreed upon respondents' indebtedness to appellant, it would require a search beyond the statutes, beyond the writers of legalistic volumes to find that ''justice requires'' a judgment that appellant now pay to respondents what he did not ''advance'' or ''loan'' to the partnership when the contract was an extant, subsisting force. The agreement of December 21 constituted not only a mutual rescission of the original contract but also a novation by which the rights and obligations of the parties were thereafter to be measured. (*Beckwith* v. *Sheldon,* 165 Cal. 319, 323 [131 P. 1049]; Civ. Code, § 1531, subd. 1.) The later contract not only conferred no rights upon respondents to obtain money from appellant but obligated them to pay a definite sum to him. It cancelled every obligation of both parties under the preorganization agreement and left the relationship of the parties as defined in the novation by which the obligations of respondents must be measured and determined.

The judge's dissertation upon the requirement of justice is not a finding of any sort and must be disregarded.

Respondents assert two familiar doctrines, namely: (1) on an appeal in such a case the court must conclusively presume that the evidence sustains the findings; (2) in resolving an apparent inconsistency between ultimate and probative facts the latter are to be disregarded unless the ultimate facts are based exclusively upon the probative facts as found and the latter tend to show that the ultimate facts are contrary to the evidence. (*Kompf* v. *Morrison,* 73 Cal.App.2d 284, 286 [166 P.2d 350].) But such doctrines do not apply.

The judgment is reversed with instructions to the court below to enter judgment in favor of appellant in the sum of $7,101.92 with interest from December 21, 1946.

McComb, J., and Wilson, J., concurred.

A petition for a rehearing was denied December 7, 1948, and respondents' petition for a hearing by the Supreme Court was denied January 20, 1949.