[Civ. No. 23818.    Second Dist., Div. One.    Nov. 30, 1959.]

LEONA LEGG, Appellant, v. COUNTY OF LOS ANGELES DEPARTMENT OF CHARITIES et al., Respondents.

Leona Legg, in pro. per., for Appellant.

Harold W. Kennedy, County Counsel, Richard L. Riemer, and Edward A. Nugent, Deputy County Counsel, for Respondents.

WOOD, P. J.—Petitioner sought a writ of mandate in the superior court ordering respondent county of Los Angeles to furnish aid to her as an indigent person. A peremptory writ of mandate was denied. Petitioner appeals from the judgment. The notice of appeal also states that she appeals from various orders, such as the order of procedure, the findings, memorandum of the court, and order denying her motion for a new trial. The appeal is upon the clerk's transcript.

The answer of the county alleged that petitioner was eligible for aid under the provisions of division 3, chapter 1, of the Welfare and Institutions Code (Old Age Security Law); that she refused to avail herself of that source of "financial gain";

and that pursuant to section 150.14 of Los Angeles County Ordinance 4099 the petitioner is not entitled to general relief.

Section 2160 of the Welfare and Institutions Code (a part of the Old Age Security Law) provides that aid under the Old Age Security Law shall be granted to a person who has attained the age of 65 years, and who has the other qualifications set forth in that section.

The court found that section 150.14 of Los Angeles County Ordinance 4099 provides that a person is not indigent for general relief purposes where the person can otherwise provide for his care.

Apparently the contention of the county was to the effect that since petitioner had attained the age of 65 years and was eligible for aid under Old Age Security Law, and since she had refused to avail herself of aid under that law, she was not eligible for aid as an indigent person. The question was whether petitioner had attained the age of 65 years.

The court also found that "petitioner appears to be uncertain as to the year of her birth; that the true year of said birth is either 1887 or 1888." Conclusions of law were: that "the petitioner appears to be eligible for Old Age Security assistance"; that "Old Age Security" offers a potential source of income; that petitioner refused to develop such source of income; and she is not eligible for general relief from the county.

Within the proper time, appellant notified the clerk to prepare a reporter's transcript and a clerk's transcript. A clerk's transcript was filed, but a reporter's transcript was not filed.

Appellant contends (1) that the evidence does not support the finding that the year of her birth is either 1887 or 1888; and (2) that said finding is insufficient in that it is not a finding that she was born in 1887, or that she was born in 1888.

With reference to her contention that the evidence does not support the finding as to the year of her birth, she argues that her testimony, and a copy of a birth certificate which she offered in evidence, established beyond contradiction that she was born in November, 1894. (If, as contended by appellant, she was born in November, 1894, she would have been 61 years of age on December 29, 1955, when the petition was filed.) As above stated, the appeal is upon the clerk's transcript only. In *Kompf* v. *Morrison*, 73 Cal.App.2d 284 [166 P.2d 350], it was said at page 286: "It is elementary and fundamental that on a clerk's transcript appeal the appel-

late court must conclusively presume that the evidence is ample to sustain the findings. . . ." ▇ In the present case, since a reporter's transcript was not filed, it is conclusively presumed that the evidence supports the finding as to appellant's age.

▇ In regard to appellant's contention that the finding as to the year of her birth is insufficient, it appears that irrespective of whether she was born in 1887, or in 1888, she was over 65 years of age when the petition was filed (December 29, 1955). The finding was sufficient as to the year of appellant's birth.

▇ Appellant contends that, by reason of the refusal of the superior court to give her an estimate of the cost of preparing a reporter's transcript and by reason of the refusal to accept a tender of payment of the cost of preparing such transcript, she was deprived of her constitutional right to have the record of the proceedings in the trial court presented on appeal. Appellant filed a petition for a writ of mandate in this court to compel the superior court to cause a reporter's transcript to be prepared without payment by appellant of the cost thereof. The writ was denied. Thereafter appellant filed a similar petition in the superior court. On appeal, the order denying the writ was affirmed. In the present appeal, prior to the hearing on the merits, appellant made a motion to augment the record by including the reporter's transcript. The motion was denied. The record does not show that the superior court refused to give appellant an estimate of the cost of preparing a reporter's transcript, or that it refused to accept a tender of the cost of preparing such a transcript.

▇ Appellant contends further that the court erred in denying her motion for a new trial. In support of her motion appellant filed an affidavit to which she attached a photostatic copy of a "Certificate of Birth" and a photostatic copy of a "Certified Copy of a Record of Birth." Appellant states that she offered the photostatic copy of the certificate of birth in evidence; that the trial judge read the certificate and refused to receive it in evidence; and that the certified copy of a record of birth was received in evidence. She asserts that the court erred in refusing to receive the certificate which she offered, and erred in receiving the certified copy of the record of birth. Since there is no reporter's transcript, questions as to the admissibility of that evidence cannot be determined.

▇ In another affidavit filed by appellant in support of the motion for a new trial, she stated that she had been in-

formed by telephone that her mother is alive and could be available for "trial proceedings." Appellant argues that the testimony of her mother would be "controlling" on the issue of appellant's age. Appellant did not state the reason her mother was not called as a witness at the trial; and she did not state that in the exercise of reasonable diligence she could not have obtained her mother as a witness at the trial. The court did not err in denying the motion for a new trial.

The attempted appeals from the orders and statements of the court mentioned in the notice of appeal, other than the judgment, are dismissed. The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.