Jones, Appellant, v. Metropolitan Life Ins. Co.

Argued April 26, 1933.

Before
TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER and JAMES, JJ.

*Coleman Harrison,* and with him *David B. Pitler,*
for appellant, cited: Stawecka v. John Hancock Mu-
tual L. I. Co., 53 Pa. Superior Ct. 330; Smith v. Metro-
politan Life Ins. Co., 183 Pa. 504; Barnes v. Fidelity
Mutual Life Assn., 191 Pa. 504.

*D. C. Jennings,* for appellee, cited: Lutz v. Insurance Co., 186 Pa. 527; Murphy v. Insurance Company, 205 Pa. 444.

OPINION BY PARKER, J., July 14, 1933:

On January 12, 1928, Cora B. Jones took a $1,000 endowment and life insurance policy with the Metropolitan Life Insurance Company in favor of herself, if living at the end of fifteen years, or of her husband, Bora L. Jones, upon receipt of due proof of her prior death. The policy lapsed for non-payment of premium on July 12, 1929, was reinstated on April 23, 1930, and the insured died on May 12, 1930.

An action in assumpsit was commenced by the beneficiary for the amount of the policy less a loan granted thereon, and in answer to the plaintiff's statement of claim an affidavit of defense was filed which admitted that if the policy was valid, there was due to the plaintiff the sum of $893.52 as claimed, but averred that the reinstatement of the policy was not binding upon the company and the policy was therefore void because Cora B. Jones had on April 12, 1930, executed and delivered to defendant company an application for reinstatement for the purpose of inducing the defendant to grant the revival; that representations made therein were material to the risk and were false and fraudulently made; and that if the questions had been truly answered and the facts disclosed, the revival would not have been granted. The application for reinstatement contained the following: "Question 2. Are you now in sound health? Answer. Yes. Question 4. Have you, since the date of issue of the above policy (a) Had any illness or injury? If yes, give date and particulars? Answer. No. (b) Consulted any physician or physicians and state for what illness or ailment. Answer. No.

"I hereby certify that the foregoing statements and

answers are correct and wholly true and have been made by me to induce the Metropolitan Life Insurance Company to reinstate the above policy on my life, which policy lapsed for non-payment of the premium due July 12, 1929, and I agree that if said company shall grant such reinstatement same shall be deemed to be based exclusively upon the representations contained in this request, and upon the express condition that if the foregoing statements are in any respect untrue said company shall, for a period of two years from the date of such reinstatement, be under no liability by reason of the attempted reinstatement of the policy, except that the company shall return to the insured or his personal representative all premiums paid since the date of said reinstatement.''

On the trial of the case, defendant was unable to make proof of the matters alleged by way of defense and with permission of the court amended its affidavit of defense by adding the following: ''That the answers to questions 1 to 5 of the application for reinstatement of the policy in this case were written into said application by affiant after the same had been signed by the said Cora B. Jones upon information received from Bora L. Jones, plaintiff in this case and beneficiary under the said policy, and that all of said questions were propounded by affiant to said Bora L. Jones and the answers written therein are the answers made by the said Bora L. Jones to affiant [H. W. Beck].''

In support of the amendment, the defendant called H. W. Beck who testified that he was assistant manager of the defendant company and had been concerned in the renewal of the policy; that the handwriting in the application for reinstatement, which was produced, was that of the witness with the exception of the signature of Mrs. Jones and a subscribing witness. The insured, Cora B. Jones had returned to

her former home in Alabama about the last of March, 1930, where she remained until her death, and the witness stated that he had, on April 2nd, mailed the form to Mrs. Jones in Alabama and requested that it be returned to him by mail, signed and witnessed. The insured literally complied with the request of the witness, and the application was received by him April 12th, signed by insured and witnessed, with the questions unanswered. Mr. Beck further stated that he then obtained from the beneficiary, the plaintiff in this action, the information asked in the questions in the revival blank, inserted such answers, and thereafter the policy was reinstated. It did not appear that Bora L. Jones read the application before or after the answers were inserted by Beck. The defendant also produced testimony, oral and documentary, tending to show that the insured was attended by two physicians between February 28, 1930, and the date of her death, and that before the application for reinstatement was made, one of the physicians advised her that she had a lung infection.

The court, in its charge, instructed the jury that the question they were to determine was whether the answers that were given at the time the application was made for reinstatement were true; that if they were true, then they should find for the plaintiff, but if they were false, they should find for the defendant. He then more specifically advised them to determine whether on April 12, 1930, the insured was in sound health and whether since the date of the issuance of the policy she had had any illness or had consulted a physician. The verdict was for the plaintiff for the amount of his claim, and on motion of defendant the court entered judgment for the defendant n. o. v., from which judgment this appeal was taken. This action of the court cannot be sustained.

From the pleadings the plaintiff made out a prima

facie case, showing that the policy in question was renewed, the premiums paid, and proofs of death presented as required. This cast upon the defendant the burden of proving its allegations in support of its right to disaffirm the renewal. Regardless of various legal questions raised and other facts necessary to be proved, the defendant could not sustain its position without showing that the answers (whether they were mere representations or warranties, or were material to the risk assumed) claimed to have been made were, in fact, made. It appeared conclusively that the alleged answers were not made by the insured. All the proofs tending to show that these answers were made by the beneficiary were oral. Consequently, this raised a question of fact which should have been submitted to the jury. As we have before indicated, the court limited the jury to a consideration of the truth or falsity of such answers, assuming that the answers had been made, apparently relying upon the fact that the testimony of the witness Beck was not contradicted. It is true that the beneficiary was called as a witness and did not contradict the allegations made by Beck; neither was he interrogated upon the subject. In the recent case of Nanty-Glo Boro. v. American Surety Co., 309 Pa. 236, 163 A. 523, the court below directed a verdict for the plaintiff upon the ground that the defendant's liability was absolutely established by uncontradicted oral testimony, and it was held that the granting of plaintiff's motion in that case for binding instructions was reversible error, and the rule stated by Mr. Justice SHARSWOOD in Reel v. Elder, 62 Pa. 308, was definitely established. There the Supreme Court had said: "However clear and indisputable may be the proof when it depends upon oral testimony, it is nevertheless the province of the jury to decide, under instructions from the court, as to the law applicable to the facts, and subject to the

salutary power of the court to award a new trial if they should deem the verdict contrary to the weight of the evidence.'' In this connection we call attention to two recent cases decided by this court where a clear distinction is drawn between those cases where oral testimony is uncontradicted and those in which the uncontradicted testimony is supported by documentary evidence: Brelish v. Prudential Ins. Co. of America, 109 Pa. Superior Ct. 1, 165 A. 516, and Dzsujko v. Eureka-Maryland Assur. Corp., 109 Pa. Superior Ct. 9, 165 A. 518.

As this case must be returned for a new trial, there is one question raised by the arguments of counsel which should be disposed of by us at this time. The defendant offered in evidence the application for reinstatement. The offer was objected to by the plaintiff on the ground that the application was not attached to the policy in accordance with Sec. 318 of the Act of May 17, 1921, P. L. 682 (40 PS 441). This was not a valid objection, as we have definitely held in the recent case of Rothschild v. N. Y. Life Ins. Co., 106 Pa. Superior Ct. 554, 162 A. 463. Under the pleadings and the evidence offered at the trial, the reinstatement of the policy here in question did not result in the making of a new insurance contract, ''but is [was] simply the revival and restoration of the original policy or contract of insurance upon the conditions prescribed within itself.'' If, on a new trial, the application for reinstatement is relevant to the issues as then made, as it probably will be, it will be admissible.

Various legal questions as to whether the statements made in the alleged answers were warranties or representations and whether they were material to the acceptance of the risk have been argued at length by counsel, but we do not deem it advisable to enter into a discussion of those matters at this time. The case

was tried by court and counsel on both sides on an incorrect theory. It is impossible for us, from an examination of the pleadings, to determine just which of the questions which have been raised will arise again, and there may be amendments to the pleadings before the case is retried.

The judgment of the lower court is reversed with a venire facias de novo.