**MUTUAL LIFE INS. CO. OF NEW YORK v. STROEHMANN et al.***

**No. 5934.**

Circuit Court of Appeals, Third Circuit.

Oct. 6, 1936.

George H. Hafer, Carl B. Shelley, Geo. Ross Hull, and Snyder, Hull, Hull & Leiby, all of Harrisburg, Pa., for appellees.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

This is an appeal from an order of the District Court dismissing the bill of complaint by which the appellant sought to have the provisions for disability benefits in three policies of insurance issued by it to the appellee, Stroehmann, rescinded on the ground that he had made false and fraudulent misstatements in response to questions in his medical examination. The appellant also prayed that the appellees be restrained from bringing any action at law or otherwise upon the policies. The appellees filed a motion to dismiss the bill. The District Court, after issuing an order (6 F. Supp. 953) on May 17, 1934, denying the motion reversed its position, and on July 2,

*Writ of certiorari granted 57 S. Ct. 432, 81 L. Ed. ——.

1935, issued the order dismissing the bill, on the authority of the decisions in Ness v. Mutual Life Ins. Co., 70 F.(2d) 59 (C. C.A.4), and Mutual Life Ins. Co. v. Markowitz, 78 F.(2d) 396 (C.C.A.9).

Policies No. 2,646,105 and No. 2,677,078, hereinafter referred to as policies Nos. 1 and 2, were issued in 1919. Both of these policies are for the face value of $5,000, and contain provisions for "Benefits in the event of total and permanent disability before age 60," which entitled the insured to annual payments so long as the disability continued, of "a sum equal to one tenth of the face amount of the policy." On February 9, 1928, Stroehmann signed two applications requesting that the above policies be changed to what is known as the "1926 Increasing Disability Benefits in event of Total and Permanent Disability. * * *" These applications included the provision that if "the statements or answers in said medical examination shall be in any respect untrue, * * * any disability benefits granted under said policy shall be only those, if any, provided for in said policy before the change herein requested was made." After the medical examination was made, the change requested was effected on February 23, 1928, and the new disability provisions were attached to the original policies in riders.

On October 11, 1932, the appellant filed a bill of complaint, in which it prayed that the "Increasing Disability" provisions, added to policies Nos. 1 and 2, and the disability provision of policy No. 3 be rescinded because of fraudulent misstatements made in answer to questions in the medical examination, and that the defendants be restrained from bringing any action at law or otherwise on the policies. It will be noted that the insurer does not seek to rescind the disability provisions under the original policies, Nos. 1 and 2.

■ The appellees contend that the disability provisions are no longer contestable by the complainant on the ground that the incontestability clause included in the original policies is applicable to the riders attached in 1928. The incontestability clause reads as follows: "This policy shall be incontestable after two years from its date of issue except for the non payment of premiums."

The only authority for the position of the appellees lies in the analogy in cases dealing with reinstatement of lapsed policies. Under these cases an incontestability clause begins to run anew as of the time that the lapsed policy is reinstated. Lincoln National Life Ins. Co. v. Hammer, 41 F.(2d) 12 (C.C.A.8); New York Life Ins. Co. v. Seymour, 45 F.(2d) 47, 73 A.L.R. 1523 (C.C.A.6).

But the company expressly reserved the defense of fraud by the provision in the application to the effect that in case the answers were in any respect untrue, the disability benefits should be those in the policy before the change.

■ The appellees further contend that even if the incontestability clause is inapplicable, under the Act of May 17, 1921 (P.L. 682, 701, 721, art. 3, § 318, 40 P.S. Pa. § 441, and article 4, § 410 (d), 40 P.S. Pa. § 510(d)), the application and report of the medical examination cannot be introduced in evidence to prove fraud because it was not attached to the policy.

The applicable provisions of the Act of May 17, 1921, read as follows:

Article 3, § 318:

"All insurance policies, issued by stock or mutual insurance companies or associations doing business in this State, in which the application of the insured, the constitution, by-laws, or other rules of the company form part of the policy or contract between the parties thereto, or have any bearing on said contract, shall contain, or have attached to said policies, correct copies of the application as signed by the applicant, or the constitution, by-laws, or other rules referred to; and, unless so attached and accompanying the policy, no such application, constitution, or by-laws, or other rules shall be received in evidence in any controversy between the parties to, or interested in, the policy, nor shall such application, constitution, by-laws, or other rules be considered a part of the policy or contract between such parties."

Article 4, § 410:

"No policy of life or endowment insurance, except policies of industrial insurance where the premiums are payable monthly or oftener, shall be issued or delivered by any stock or mutual life insurance company in this Commonwealth unless it contains, in substance, the following provisions: * * *

"(d) A provision that the policy shall constitute the entire contract between the parties; but if the company desires to make the application a part of the contract, it may do so, provided a copy of such appli-

cation shall be endorsed upon or attached to the policy when issued, and in such case the policy shall contain a provision that the policy and the application therefor shall constitute the entire contract between the parties."

The application for the increase of disability benefits, which contains as a part thereof the report of the medical examination, was, as above stated, not attached to the policy. The appellant attempts to answer this contention by citing authorities to the effect that the application for a reinstatement of a lapsed policy may be introduced in evidence even though it is not attached to the policy. These cases however, are based upon the theory that in the reinstatement of a lapsed policy no new policy is issued, and that therefore the situation is not covered by the above statute. Rothschild v. New York Life Ins. Co., 106 Pa.Super. 554, 162 A. 463; Jones v. Metropolitan Life Ins. Co., 109 Pa.Super. 506, 167 A. 485. But the provision for disability benefits and the provision for paying insurance on a life, though contained in the same policy of life insurance, are nevertheless severable and distinct contracts. Pyramid Life Ins. Co. v. Selkirk (C.C.A.) 80 F.(2d) 553. Consequently the riders attached to policies Nos. 1 and 2 in 1928 were entirely new policies of disability insurance, and were based on the conditional abandonment of the disability provisions contained in the original policies. Under this interpretation the statute quoted above definitely prohibits the use of the application, and, therefore, the report of the medical examination, which was a part thereof, is not in the evidence. The statute does not, however, prevent the appellant from proving the existence of fraud by other methods. In Gordon, Secretary of Banking, v. Continental Casualty Co., 311 Pa. 109, 166 A. 557, 558, the court made the following statement: "That section 318 of 'The Insurance Company Law of 1921,' which deals with this subject, does not exclude proof of the fact [of false statements made in the application], but only excludes its proof by the application itself, if not attached to the policy. Whether or not the fact can be otherwise proved will be known when the case is tried in due course."

The case of Hews v. Equitable Life Assurance Society, 143 F. 850, decided by this court and relied upon by the appellant, is not applicable to the present state of facts, since in that case the report of the medical examination was not considered to be a part of the application.

In policies Nos. 1 and 2, therefore, the appellant has the right to have the increased disability benefit provisions, added thereto in 1928, rescinded if it is able to prove the existence of fraud on the part of the insured at the inception of these contracts without placing the applications in evidence.

Policy No. 4,361,192, referred to as policy No. 3, was issued on June 30, 1930, and has a face value of $40,000. This policy also contains disability and double indemnity provisions which the appellant is seeking to have rescinded because of alleged fraudulent misstatements made by the insured in response to questions in the medical examination.

The appellees contend that the disability and double indemnity provisions of this policy are no longer open to dispute because of the incontestability clause included therein which reads as follows: *"Incontestability.*—Except for non payment of premiums and except for the restrictions and provisions applying to the Double Indemnity and Disability Benefits as provided in Sections 1 and 3 respectively, this policy shall be incontestable after one year from its date of issue, unless the insured dies in such year, in which event it shall be incontestable after two years from its date of issue."

In New York Life Insurance Co. v. Gatti (New York Life Ins. Co. v. Ruhlin), —— F.(2d) ——[1] (recently decided), where the incontestability clause was substantially the same as the one quoted above, we held that the insurer not only had the right to contest liability under the double indemnity and disability provisions, but also the right to have those provisions rescinded in case of fraud, even though the period of limitations set forth in the incontestability clause had run if a suit at law had not previously been instituted. The incontestability clause would be meaningless and purposeless if we confine the appellant's right to contest liability thereunder to the limits of coverage set forth in sections 1 and 3. New York Life Insurance Co. v. Gatti, supra. That right it has without the excepting clause.

---

[1] Rehearing granted Feb. 1, 1937.

The order of the District Court is reversed, and the case is remanded for further proceedings in accordance with this opinion.

