### NEW YORK LIFE INS. CO. v. WOODS et al.

#### No. 4254.

District Court, D. Massachusetts.

May 4, 1937.

F. H. Nash and Choate, Hall & Stewart, all of Boston, Mass., for plaintiff.

B. A. Brickley and Brickley, Sears & Cole, all of Boston, Mass., for defendant Hinckley & Woods.

Louis Karp, of Boston, Mass., for defendant Saul Grusby.

SWEENEY, District Judge.

This is a suit in equity to cancel the reinstatement of a policy of insurance issued to John W. Veader, deceased. The basis of the prayer for cancellation is the alleged false representations and fraud on the part of Veader in procuring the reinstatement of the policy which had lapsed.

Statements of fact herein are intended as findings of fact, and statements of legal conclusions, as rulings of law, under the Equity Rules.

On July 1, 1932, a life insurance policy in the amount of $5,000 was issued to Veader by the plaintiff. In it, his wife, Jennie L. Veader, was designated as the beneficiary. Quarterly premiums were paid up to September, 1933, when a default occurred, and the policy lapsed. On November 14, 1933, the insured executed a reinstatement application which contained the following questions, and which he answered as indicated:

"1. Are you now, to the best of your knowledge and belief, in the same condition of health as you were when this Policy was issued? (If not, give details.) Ans. Yes.

"2. Within the past two years have you had any illnesses, diseases or bodily injuries or have you consulted or been treated by any physician or physicians? (If so, give full details, including nature, date, and duration of each illness, disease or injury, the name of each physician, and the dates of and reasons for consultation or treatment.) Ans. No.

"3. Has any Company or Insurer, within the past two years, examined you either on, or in anticipation of, an application for life insurance, or for the reinstatement of life insurance, *without* issuing or reinstating such insurance? (If so, give name of each Company or Insurer.) Ans. No."

At the time of his application for insurance Veader was fifty years of age, married, and lived with his family. Shortly after the issuance of his policy, Veader became troubled with bronchitis which later developed into a bronchial asthma or asthma. He was treated by Dr. Moore for several months during 1933 before he attempted to effect a reinstatement of his insurance. Shortly after Dr. Moore first treated him for asthma and early in 1933, he gave the insured a hypodermic outfit and a supply of adrenalin so that he might take care of his own emergency treatments. After a lapse of a few months, Veader reported to

the doctor that his condition was much improved. The doctor cautioned him, nevertheless, to keep a supply of adrenalin on hand. Shortly thereafter, and still prior to the reinstatement of the policy, the doctor was called to render an emergency treatment to Veader during the night or early morning.

The insured was an insurance agent, and brokered his business through the firm of Hinckley & Woods, a partnership composed of five of the defendants herein named. He was short in his accounts with that firm. On November 23, 1933, he made an assignment of certain property that he held, including the policy in question, to the firm of Hinckley & Woods. Prior to the execution of that assignment, Veader executed a change of beneficiary of his policy from Jennie L. Veader to "my executors, administrators or assigns." He continued to pay premiums on this insurance until August 19, 1935, when he filed an informal application for the permanent and total benefits provided under this policy and one other. Investigating this claim, the plaintiff discovered certain facts which resulted in its notifying Veader under date of October 3, 1935, that it had "rescinded the reinstatement of the above numbered policy dated November 14, 1933, made in connection with the premium due September 18, 1933, because of the failure of John W. Veader to disclose to it in his application therefor, material facts as to his insurability," and made a tender to him of the premiums that had been paid since the date of reinstatement. The insured died on October 10, 1935, and the cause of death was "asthma and chronic myocarditis."

This action was commenced on November 7, 1935. The policy as issued contained the following incontestability clause: "This Policy shall be incontestable after two years from its date of issue except for non-payment of premium," and the following reinstatement clause: "This Policy may be reinstated at any time within five years after any default, upon presentation at the Home Office of evidence of insurability satisfactory to the Company and payment of overdue premiums with six per cent interest thereon from their due date. Any indebtedness to the Company at date of default must be paid or reinstated with interest thereon in accordance with the loan provisions of the Policy."

The defendants urge that the incontestability clause relates only to the date of the issue of the policy, and is not effected by a lapse and reinstatement of the policy, and that the commencement of this suit being beyond the two-year period, and not having been brought for nonpayment of premiums, the company is barred from seeking a rescission of this policy. Had the premiums been paid continuously from the date the policy was issued until 1935, there could be no question that the company would not be in a position to contest the validity of its contract, but the failure of premiums in September, 1933, operated as a termination of the contract. When the insurance was reinstated under the provisions of the policy, the incontestability clause commenced to run again from the date of reinstatement. In New York Life Insurance Co. v. Seymour (C.C.A.) 45 F.(2d) 47, 49, 73 A.L.R. 1523, the court stated: "We think the fair construction is that the incontestable clause took a fresh effect when the policy again came into force by the reinstatement, and that the right to contest because of fraud in the reinstatement would expire two years after that date. This conclusion cannot rest upon any precise language in the policy; but it is the reasonable inference as to what the parties intended by reinstating a policy containing this clause, and also providing, in effect, that liability should be defeated by showing fraud in the reinstatement application."

The defendants further contend that the truth of the statements contained in the reinstatement application cannot be held to be a condition precedent to reinstatement, and that if the insurance company were not satisfied of the insurability of the insured at the time of his reinstatement, that it had ample opportunity to satisfy itself. The rights of the defendants rest entirely upon the validity of the reinstatement which was effected by the insured on November 14, 1933. At the time that the reinstatement was effected, the insured, for the purpose of inducing the company to reinstate his policy, represented that he was then in as good health as when the policy issued, and that within two years prior thereto he had not had any illnesses or diseases, and had not consulted or been treated by any physician or physicians. The company did rely upon the representations that he made, and the insured knew, or must have known that reliance would be placed upon those statements. The truth of the statements, therefore, was a condition precedent to reinstatement of the policy. See Kukuruza v. John

470

Hancock Life Insurance Co., 276 Mass. 146, 151, 176 N.E. 788, and cases cited therein, and Burke v. John Hancock Mutual Life Insurance Company, 290 Mass. 299, 195 N.E. 507.

■ The evidence is clear that this insured had been treated for asthma during the two years prior to his reinstatement, and that his disease had progressed to such a state prior thereto that he had in his possession a hypodermic syringe and needle and adrenalin for the purpose of treating himself during asthmatic attacks. When in his application for reinstatement he induced the company to believe that he had not been treated by a physician, and had not suffered illness during the prior two years, he had sufficient knowledge of his own physical condition to remove his actions from the realm of honest mistake or opinion. The information that he gave to the insurance company to induce them to reinstate his insurance, and upon which it relied in effecting reinstatement was knowingly false, and amounted to a fraud upon the company. The plaintiff is therefore entitled to a decree rescinding the reinstatement of the insurance effected on November 14, 1933.

The defendants' requests for rulings of law are denied, except in so far as they are consistent with this opinion.