134

JOHN E. HARRIS

*vs.*

NEW YORK LIFE INSURANCE COMPANY, a corporation created by and existing under the Laws of the State of New York.

*New Castle, February 11, 1942.*

*James R. Morford,* of the firm of Marvel & Morford, for complainant.

*William S. Potter,* of the firm of Southerland, Berl, Potter & Leahy, for defendant.

THE CHANCELLOR: This case is before the court on exceptions to the defendant's answer to the complainant's bill. On October 16th, 1918, the New York Life Insurance Company issued a policy for $5,000. on the life of one John E. Harris, the complainant. On August 15th, 1939, the policy lapsed for failure of Harris to pay the premium due thereon on July 16th of that year. The policy, among other things, provided:

> *"Reinstatement.*—At any time within five years after any default, upon written application by the Insured and upon presentation at the Home Office of evidence of insurability satisfactory to the Company, this Policy may be reinstated together with any indebtedness, in accordance with the loan provisions of the Policy, upon payment of loan interest, and of arrears of premiums with five percent interest thereon from their date."

Pursuant to this provision, on August 23rd, 1939, Harris applied to the Insurance Company for a reinstatement of his policy. He paid the premiums then due, with interest. He was also required to answer, in writing, numerous searching questions contained in a paper attached to his application for reinstatement; all of which primarily related to his physical condition. He was interrogated as to whether he had ever had certain specified diseases; whether he had ever consulted a physician regarding a number of specified bodily ailments or diseases, or for other ailments or diseases, and, if so, the names of the physicians consulted. Some of these questions were confined to the last five years; others were not. The Insurance Company was apparently satisfied

with Harris' answers to the questions asked, and on or about August 23rd, 1939, reinstated his policy and so notified him. Certain accrued premiums were also subsequently paid by Harris and were accepted by the Insurance Company. Furthermore, on November 16th, 1939, the defendant company lent Harris a specified sum of money on his policy. But, on July 8th, 1940, it notified him that the prior reinstatement of that instrument had been rescinded and the policy cancelled. A check for a small balance, claimed by the company to be due Harris after deducting the amount borrowed by him on his policy, with interest, was enclosed with the notice, but was returned by him. The defendant company also notified the beneficiary named in the policy that it had been cancelled. All of these facts appear in the complainant's bill.

Harris seeks to enjoin the recission of the reinstatement of his policy and the cancellation of that instrument by the Insurance Company. His bill alleges, among other things, (1) that the complainant was in good health, and insurable when he applied for the reinstatement of that instrument; (2) that in his application for reinstatement he did not "fail to disclose to the defendant any fact, relating materially to his state of health or insurability, or any fact material to the risk, assumed by the defendant in approving the reinstatement of said policy of insurance."

The answer of the Insurance Company denies, in general terms, that the complainant "was insurable at the time * * * said application for reinstatement" was made. It avers that Harris, in his application, (1) "did not truthfully and fully answer the questions * * *" asked; (2) that he "failed to disclose to the defendant certain facts relating materially to his state of health and insurability, which facts were material to the risk to be assumed by the defendant in approving the reinstatement of said policy of insurance"; (3) that he "made false and incomplete answers to inquiries * * * as to prior medical attendance."

The answer further alleges "and the defendant thereby became entitled to avoid, rescind and cancel the alleged reinstatement of the said policy of insurance based on said application." But it did not specifically allege why the complainant was not insurable and in what respect his answers to the questions asked were untrue and failed to disclose material facts.

Any incorrect answers by Harris to questions relating to bodily ailments, which were in themselves pertinent to the risk to be assumed by the Insurance Company, if the policy should be reinstated, were material representations having a direct bearing on his rights. *Equitable Life Assur. Soc. v. Wilson,* 25 *Del. Ch.* 296, 18 *A.* 2d 240. They were intended to induce favorable action by the company, and must be substantially correct and free from any material misrepresentations. *Id.* If incorrect in any real material respect, that is a defense which may be relied on by the Insurance Company, and may justify the recission of its action in reinstating the lapsed policy. *Equitable Life Assur. Soc. v. Dunn,* (3 *Cir.*) 61 *F.* 2d 450; *Masson v. Metropolitan Life Ins. Co.,* 225 *Mo. App.* 925, 36 *S. W.* 2d 118; *Shaw v. Imperial M. L. & B. Ass'n.,* 4 *Cal. App.* 2d 534, 41 *P.* 2d 574; *Jones v. Metropolitan Life Ins. Co.,* 109 *Pa. Super.* 506, 167 *A.* 485; see also, *Equitable Life Assur. Soc. v. Wilson, supra.*

If *Santarpio v. New York Life Insurance Company,* 301 *Mass.* 207, 16 *N. E.* 2d 668, and *New York Life Insurance Company v. Woods,* (D. C.) 19 *F. Supp.* 468, are inconsistent with this conclusion, I prefer to follow the more liberal rule laid down in the above cases; and no contrary controlling policy provision has been called to my attention.

But the sufficiency of the defendant's answer is the real question involved.

In modern practice, there is no replication in equity pleading; if a probable defense can be anticipated, it is, therefore, frequently and perhaps usually proper to meet

it by appropriate allegations in the bill. *Langdell's Equity Pl. & Pr.*, §§ 86, 87; *Mitford & Tyler's Pl. & Pr. in Equity*, 77, 82; see also, *Bovay, et al., v. H. M. Byllesby & Co., et al.,* 25 *Del. Ch.* 1, 12 *A.* 2d 178; *s. c. ante p.* 69, 22 *A.* 2d 138.

*Rule* 32 of this court is based on that well recognized practice. But allegations of that nature in the bill do not usually "materially affect the structure of the answer" if the defense anticipated in the bill is relied on in the defendant's answer. *Langdell's Eq. Pl. & Pr.*, § 88. Moreover, a defendant who answers must usually answer the allegations of the bill affirmatively and fully; and a mere general denial, such as appears in the answer of the Insurance Company in this case, is insufficient. *Langdell's Eq. Pl. & Pr.* §§ 72, 79 *and note;* Story's Eq. Pl. (10*th Ed.*) §§ 846, 852. *Rule* 38 of this court is likewise in entire accord with this practice. It provides:

"The defendant shall answer fully and responsively all the well pleaded allegations of the bill."

Applying that rule, the reasons why the complainant was not insurable, and in what respect his answers to the questions asked were incorrect, in some material respect, should appear in the defendant's answer.

The complainant's exceptions are sustained, and an order will be entered accordingly.